# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. BRIDGEMAN, CDCR #AD-9461,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER J. PERALTA; OFFICER LEGRAND; OFFICER POTTIN; SERGEANT SHARP,<br><br>Defendants. | Civil No.   11-2132 WQH (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 6]** |

Currently before the Court is Plaintiff's "Motion for Reconsideration of Denial of Judgment Regarding 28 U.S.C. 1915(g)." [ECF No. 6]. In this Motion, Plaintiff seeks reconsideration of the Court's September 16, 2011 Order denying Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g).

## I.
### Procedural History

On September 14, 2011, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed IFP.

Finding three prisoner civil actions filed by Plaintiff had been previously dismissed as "frivolous, malicious, or [for] fail[ing] to state a claim," the Court denied him leave to proceed

IFP pursuant to 28 U.S.C. § 1915(g), and dismissed the action for failure to prepay the entire $350 civil filing fee as required by 28 U.S.C. § 1914(a). *See* Sept. 16, 2011 Order at 3-4 [ECF No. 3].

## II.

## Plaintiff's Motion

### A.  Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B.  Plaintiff's Arguments

Plaintiff argues that he suffers from a mental illness. (*See* Pl.'s Mot. at 1.) As a result, Plaintiff argues that the Court should disregard all the previous cases that he filed because he was "never mentally able to state a case before the court that was not frivolous, incorrect, malicious, or failed to state a claim." (*Id.* at 2.) Plaintiff appears to claim, although it is not quite clear, that the only civil complaint he has filed that has merit is the one that Plaintiff filed in this action because he had assistance. (*Id.*) While Plaintiff may suffer from a mental illness, there is no record before the Court that would demonstrate that any of the previous cases that were deemed "strikes" pursuant to 28 U.S.C. § 1915(g) would have resulted in a different outcome if Plaintiff received outside assistance. Nor does the record reflect that any of the previous cases deemed "strikes" were dismissed as a result of Plaintiff's mental illness.

In sum, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2007) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Thus, without more, the Court finds Plaintiff

has failed to show that the Court rendered a "manifestly unjust decision," and has further failed to identify any intervening changes in controlling law which justify reconsideration of the Court's Order. *McDowell*, 197 F.3d at 1255; *School Dist. No. 1J*, 5 F.3d at 1263.

### III.

### Conclusion and Order

Accordingly, Plaintiff's "Motion for Reconsideration of Denial of Judgment regarding 28 U.S.C. § 1915(g)" [ECF No. 6] is hereby DENIED.

**IT IS SO ORDERED.**

DATED: November 18, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge